ROBERT TAYLOR VARNUM, Respondent, *v.* HENRY EDWARDS HUNTINGTON, Appellant.

First Department, November 3, 1916.

**Pleading — bill of particulars — action by employee for wrongful discharge — conduct of plaintiff.**

Where, in an action for an alleged wrongful discharge, the defendant alleges as a special defense that the plaintiff was to perform his services "in a manner satisfactory to the defendant," but failed to do so, and the real question to be determined under the issues raised by the pleadings is whether defendant acted in good faith in discharging the plaintiff, the defendant should not be compelled to specify in a bill of particulars what acts of the plaintiff made him unsatisfactory to the defendant. He should be allowed to prove in a general way the entire course of conduct of the plaintiff covering the whole period during which he was in defendant's employ.

APPEAL by the defendant, Henry Edwards Huntington, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the

county of New York on the 22d day of May, 1916, granting plaintiff's motion for a bill of particulars of a separate defense contained in the amended answer.

*Edmund L. Baylies,* for the appellant.

*John Vernou Bouvier, Jr.,* for the respondent.

MCLAUGHLIN, J.:

This appeal is from an order directing the service of a bill of particulars. The complaint alleges that the plaintiff had a contract with the defendant by which the latter agreed to pay him, during life, to act as his confidential secretary, $10,000 a year and all living expenses when he should be away from New York; that in pursuance of the contract he entered the employment of the defendant on the 1st of December, 1912, and continued therein until the 24th of July, 1915, when the defendant, without justification, discharged him.

The answer admits the employment of the plaintiff at a salary of $10,000 a year, but denies substantially all of the other material allegations of the complaint; and sets up as a separate and distinct defense that about December 1, 1912, the plaintiff was employed to act as defendant's confidential secretary, which he well knew and understood required him to be constantly with the defendant and at times to live in his home as a member of his family; that it was an essential part of plaintiff's duties, if he desired to remain in the service of defendant, that he should at all times be considerate in his deportment and actions and exhibit a certain amount of tact, and so conduct himself as not to be and become personally objectionable, while in defendant's household, to defendant or his wife; that plaintiff was so employed upon condition that he fulfill and continue to fulfill, during his employment, the duties connected therewith "in a manner satisfactory to the defendant."

The answer then alleges that during the latter part of the time plaintiff remained in defendant's employ he exhibited "irritation, bad temper and ill-will, performed his services in an unwilling and objectionable manner, and was not considerate in his deportment and actions, and so conducted himself as to annoy and offend the defendant and his wife, and to become

personally objectionable to them; * * * that the plaintiff failed to perform the duties and obligations aforesaid * * * in a manner satisfactory to defendant; and that for said reasons the defendant discharged the plaintiff on or about the 24th day of July, 1915."

The plaintiff applied for and obtained an order requiring the defendant to set forth specifically and in great detail the acts which were claimed to justify the discharge, and from such order defendant has appealed.

The contract under which the plaintiff predicates his right to recover is an extraordinary one. It might indeed be difficult for defendant to state specifically when, where and how the plaintiff by his acts and conduct became disagreeable, annoying and objectionable to defendant and his wife. The contract, as alleged in the answer, is that the services were to be performed in a manner satisfactory to the defendant, and the real question to be determined under the issue thus raised is whether defendant acted in good faith in discharging plaintiff. That being so, I do not think he should be compelled to set forth in a bill of particulars what acts of the plaintiff made him unsatisfactory to the defendant. The defendant should be allowed to prove in a general way the entire course of conduct of the plaintiff covering the whole period during which he was in defendant's employ. It might seriously hamper defendant if he were required to state each and every overt act which tended to bring about this state of feeling.

I am of the opinion the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.